SHUSTER (UNITED STATES v.). See Case No. 16,287.

---

## Case No. 12,828.

### SHUTE v. DAVIS.

[1 Pet. C. C. 431.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

COURTS—FEDERAL JURISDICTION—CITIZENSHIP.

1. The circuit court has no jurisdiction, when neither of the parties in the suit. are citizens of the state in which the action is instituted.

[Cited in Donaldson v. Hazen, Case No. 3,-984; Dundas v. Bowler, Id. 4,140; Allen v. Blunt, Id. 215.]

2. Where the plaintiff was a citizen of Kentucky, and one of the defendants was a citizen of Pennsylvania. and the other defendant a citizen of New Orleans, but no process had been served on the latter, the jurisdiction of the court, in the case was maintained.

[Cited in Picquet v. Swan. Case No. 11,134; Nesmith v. Calvert, Id. 10,123; Heriot v. Davis, Id. 6,404.]

[Cited in Wills v. Home Ins. Co., 28 Iowa, 546.]

[1] [Reported by Richard Peters, Jr., Esq.]

[3. Cited in Smith v. Allen, 1 Blackf. 24, note 1, to the point that in ejectment the legal title must prevail.]

Motion on arrest of judgment, upon the ground of want of jurisdiction. The declaration stated the plaintiff to be a citizen of the state of New York, and the defendant to be a citizen of New Jersey.

WASHINGTON, Circuit Justice. This point was settled in the case of Craig v. Cummins [Case No. 3,331], decided in this court, in January, 1811. The judgment must therefore be arrested.